```
UNITED STATES DISTRICT COURT                    FILED
EASTERN DISTRICT OF NEW YORK               IN CLERK'S OFFICE
                                        U.S. DISTRICT COURT E.D.N.Y.
----------------------------------------X
HERBY JEAN,                              ★   DEC 17 2013   ★

                        Plaintiff,          LONG ISLAND OFFICE

            -against-                       **MEMORANDUM AND ORDER**
                                            13-CV-6495 (JFB)(ARL)
DETECTIVE DICARO,

                        Defendant.
----------------------------------------X
HERBY JEAN,

                        Plaintiff,
                                            13-CV-6781 (JFB)(ARL)
            -against-

JAMES TURNER,

                        Defendant.
----------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On November 15, 2013, incarcerated *pro se* plaintiff Herby Jean ("plaintiff") filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Detective DiCaro that was assigned docket number 13-CV-6495 (the "first complaint"). On November 21, 2013, plaintiff filed another *in forma pauperis* civil rights complaint pursuant to Section 1983 alleging the same claim albeit against a different defendant, namely James Turner. The second complaint was assigned docket number 13-CV-6781 (the "second complaint"). Apart from the defendant named in each case and the relief sought,[1] the complaints are identical.

---

[1] In the first complaint, plaintiff seeks an unspecified sum from the Crime Victims Compensation Board. See Compl., 13-CV-6495, at ¶ V. In the second complaint, plaintiff seeks to have "criminal case docket #2001NA2800 transfer[red] to indictment #0096N-02 or maybe reverse the plea or maybe retry[] the case." Plaintiff also seeks to be "compensated with wages of loss of time or reimburse[d] [] for all them years of rejection of job opportunities." See Compl., 13-CV-6781, at ¶ V.

Plaintiff alleges that he was a victim of a violent crime in 2005 and that his request for compensation from the New York Crime Victims Compensation Board ("Board") was denied. Plaintiff attributes the denial to Detective DiCaro's "false" statement that plaintiff was uncooperative during the investigation of the underlying crime. Plaintiff does not include any allegations against James Turner in either complaint. For the reasons that follow, the Court consolidates plaintiff's complaints under the first-filed docket number, namely 13-CV-6495 and dismisses plaintiff's Section 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Accordingly, the complaints are dismissed and the Clerk of Court is directed to close these cases.

## BACKGROUND

As noted above, plaintiff filed two *in forma pauperis* civil rights complaints in this Court alleging that he was denied compensation from the Board as a result of "false" statements allegedly made by Detective DiCaro. Detective DiCaro is the sole named defendant in plaintiff's first complaint. Detective DiCaro is alleged to have described plaintiff as uncooperative during the investigation of the underlying crime. The second complaint—filed just six days after the initial complaint—alleges the identical claim but names as James Turner the sole defendant. Notably absent from the second complaint are any allegations against James Turner and, apart from the caption, James Turner is not again mentioned in the body of the complaint. See Compl., 13-CV-6781. Although both complaints seek to recover an unspecified sum from the Board, the second complaint also seeks to have plaintiff's "criminal case docket #2001NA2800 transfer[red] to indictment #0096N-02 or maybe reverse the plea or maybe retry[] the case." Plaintiff also seeks to be "compensated with wages of loss of time or reimburse[d] [] for all them

years of rejection of job opportunities." See Compl., 13-CV-6781, at ¶ V.

## DISCUSSION

I.   Applications to Proceed *In Forma Pauperis*

Upon review of plaintiff's declarations in support of his applications to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's requests to proceed *in forma pauperis* are granted.

II.  Consolidation of the Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. See, e.g., Jacobs v. Castillo, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted). Cases even may be consolidated where, as here, there are different parties in the complaints. See

Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated."); see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc., 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (explaining that consolidation is appropriate even where certain defendants are named in only one of the complaints). The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. Johnson, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam v. Jacobs, 950 F.2d at 92; First City Nat'l Bank, 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, both of the complaints filed by plaintiff challenge the denial of his claim for compensation from the Board. Apart from the identity of the defendant in each case, the complaints are virtually identical. However, the fact that the defendants are different in the two actions does not mean that the cases should not be consolidated. See Werner, 797 F. Supp. at 1211. Rather, the Court, in its discretion, has determined that this difference does not outweigh

4

the interests of judicial economy served by consolidation, given the common questions of law and fact in both cases. Accordingly, the Court orders that plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 13-CV-6495. The Clerk of Court is directed to: (1) consolidate these actions, and (2) mark the second case (13-CV-6781) closed. Any future filings are to be docketed in 13-CV-6495.

III.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. Courts are obliged to construe the pleadings of a *pro se* plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)), aff'd 133 S. Ct. 1659 (2013).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671

5

F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted).

   A.   Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999); see also Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Here, plaintiff has not alleged the deprivation of any constitutional right, nor can he given the nature of his grievance. Article 22 of the New York Executive Law provides for the Crime Victims Compensation Board. Section 620 of the New York Executive Law provides:

> The legislature recognizes that many innocent persons suffer
> personal physical injury or death as a result of criminal acts. Such
> persons or their dependents may thereby suffer disability, incur
> financial hardships, or become dependent upon public assistance.

> The legislature finds and determines that there is a need for government financial assistance for such victims of crime. Accordingly, it is the legislature's intent that aid, care and support be provided by the state, as a matter of grace, for such victims of crime.

N.Y. Exec. Law § 620. Section 624 of the Executive Law prescribes the qualifications for eligibility for awards from the Board.[2] It is well-established that "Article 22 creates no legally cognizable cause of action or right of recovery which can be said to vest in a person claiming to be eligible for an award under Article 22." Gryziec v. Zweibel, 426 N.Y.S.2d 616, 619 (N.Y. App. Div. 1980). Rather, "the statute establishes a board to render financial aid to victims or their dependents, in limited circumstances, not as a matter of legal right but specifically as 'a matter of grace.'" Id. at 618–19 (quoting Matter of Johnsen v. Nissman, 331 N.Y.S.2d 796, 797

---

[2] Section 624 provides:

> 1. Except as provided in subdivision two of this section, the following persons shall be eligible for awards pursuant to this article:
>
> (a) a victim of crime;
>
> (b) a surviving spouse, parent or child of a victim of a crime who died as a direct result of such crime; and
>
> (c) any other person dependent for his principal support upon a victim of a crime who died as a direct result of such crime.
>
> 2. A person who is criminally responsible for the crime upon which a claim is based or an accomplice of such person or a member of the family of such persons shall not be eligible to receive an award with respect to such claim.

N.Y. Exec. Law § 624.

(N.Y. App. Div. 1972) (explaining that "[c]ompensation awards under article 22 of the Executive Law are 'a matter of grace'")); see also Starkman v. Fischetti, 675 N.Y.S.2d 703 (N.Y. App. Div. 1998) (citing Meditrust Fin. Servs. Corp. v. N.Y. Crime Victims Bd., 640 N.Y.S.2d 676 (N.Y. App. Div. 1996)). Thus, as is readily apparent, plaintiff has no cognizable constitutional claim to compensation from the Crime Victims Board.³ Nissman, 39 A.D.2d at 578 ("The law [Exec. Law § 624] creates no enforceable legal right and no cause of action accrues."); see also Woodard v. Andrus, 419 F.3d 348, 353 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights."); McGRX v. Vermont, No. 5:10-cv-1, 2011 WL 31022, at *10 (D. Vt. Jan. 5, 2011) ("Because there is no private cause of action for Medicaid providers under §30A, Plaintiff has no corresponding § 1983 claim . . . ."). Given that plaintiff has not alleged a deprivation of some constitutional right, he has not alleged a plausible Section 1983 claim.⁴ Accordingly, plaintiff's Section 1983 claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B. Leave to Amend

---

³To the extent plaintiff might to try to claim a due process violation, no due process claim can exist because the state statute does not create any property interest. See, e.g., Stern v. Tarrant Cnty. Hosp. Dist., 778 F.2d 1052, 1059 (5th Cir. 1985) ("[A] violation of state law is neither a necessary nor a sufficient condition for a finding of a due process violation.").

⁴Whether James Turner is a state actor is far from clear given the absence of any allegations against him. Because state action is required to establish a Section 1983 claim, Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983) (To state a claim for relief under Section 1983, a plaintiff must establish a deprivation of constitutional rights "under color of state law."), plaintiff's claim against James Turner likely fails for this additional reason. See, e.g., Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012). The Court need not reach this question given that there is no constitutional (or even statutory) right to compensation from the Board.

The Court has considered whether leave to amend the complaint should be granted. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

Here, given the substantive defect with plaintiff's claim that cannot be corrected, as detailed above, leave to amend his claim would be futile. Accordingly, upon careful consideration of plaintiff's allegations, leave to amend the complaint is denied.

## CONCLUSION

For the reasons set forth above, the first and second complaints are consolidated into plaintiff's first-filed case, 13-6495. Plaintiff's Section 1983 claims are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk of Court is directed to mail a copy of this Order to the *pro se* plaintiff and to close these cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/ Joseph F. Bianco
JOSEPH F. BIANCO
United States District Judge

Dated: December 17, 2013
Central Islip, New York